IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING, #A0721079, ) | CIV. NO. 14-00198 SOM/RLP |
| ) | |
| Plaintiff, ) | ORDER DENYING RECONSIDERATION |
| ) | |
| vs. ) | |
| ) | |
| ACO SHORES, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER DENYING RECONSIDERATION

Plaintiff, a prisoner proceeding pro se, commenced this civil rights action by filing a complaint on April 22, 2014. Compl., Doc. No. 1. He now moves for reconsideration of the April 24, 2014, Deficiency Order notifying him that he must pay the filing fee or submit an in forma pauperis ("IFP") application within thirty days or risk dismissal of this action. *See* Order, Doc. No. 3. Plaintiff alleges that he gave an IFP application to Maui Community Correctional Center ("MCCC") by delivering the document to "Major Taylor to mail to court in a stamped envelope," on or about March 12, 2014, and that "the $350.000 filing fee was already mailed to court." Mot., Doc. No. 4 at PageID #22; *see also* Compl., Doc. No. 1, PageID #11 ("On March 12, 2014 $350.00 was sent to this court for filing fee in this matter IFP was also sent."). Plaintiff suggests this was done in payment for this action and submits a copy of his prison trust account statement showing that $350 was deducted from his account on March 12, 2014, and marked for "U.S. District Hawaii." *See*

*id.*, Ex. A.  Plaintiff seeks reconsideration of the Deficiency Order's finding that he failed to pay or file an IFP application in this action and must do so to continue with this action.

## I.  Legal Standard

Because judgment has not been entered, the court construes this as a motion for reconsideration of an interlocutory order brought pursuant to Local Rule LR60.1.  A successful motion for reconsideration must demonstrate some reason that the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).  Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *Id.* (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)).

## II.  Background

Plaintiff has litigated numerous cases in this court,[1] in the District of Arizona,[2] and in the Ninth Circuit Court of

---

[1] *See, e.g.*, Civ. Nos. 02-00144; 03-00054; 05-00694; 06-00438; 06-00460; 06-00461; 07-00502; 07-00561 DAE; 09-00243 ACK; 09-00339 ACK; 09-00536 JMS; 09-00547 DAE; 10-00429 KSC; 11-00190; 12-00361; 13-00057; 14-00098; 14-00198.

[2] *See, e.g.*, Civ. Nos. 09-02395-PHX; 09-02635-PHX; 10-02366-PHX; 11-00611-PHX; 11-01496-PHX.

Appeals.[3] Because he is a prisoner, he is obligated to pay the full civil filing fee in each case he commences, regardless of whether he has been granted IFP status.[4] *See* 28 U.S.C. § 1915(a)(2). Plaintiff has accrued three strikes pursuant to 28 U.S.C. § 1915(g), and may not proceed with IFP status without a plausible allegation that he was in imminent danger of serious physical injury when he filed the complaint at issue. *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). A review of the dockets in Plaintiff's cases reveals that he has paid some filing fees outright, has been granted IFP status in others, and has paid nothing in other cases and appeals, usually when the case was summarily dismissed within days of filing without regard to payment issues, or when he abandoned an appeal after his IFP application was denied. The court has notified Plaintiff many times about § 1915's payment requirements for prisoners and about his accrual of three strikes.

On February 27, 2014, Plaintiff filed a Notice of Removal in this court, removing his own civil rights case from the Circuit Court of the Second Circuit, State of Hawaii to the

---

[3] *See, e.g.*, App. Nos. 13-70449; 08-15048; 08-15095; 08-15132; 08-15134; 08-15136; 09-15512; 09-72519; 10-15010; 10-70238; 10-71740; 10-16344; 10-16456; 11-15615; 11-70945; 11-15823; 11-16094; 11-16812; 11-17044; 12-15298.

[4] Plaintiff is not required to pay a filing fee in cases that defendants remove from state court. *See, e.g.*, Civ. Nos. 06-00438 DAE; 06-00460 JMS; 06-00461 JMS.

federal court.  *See Grindling v. Fong, et al.*, Civ. No. 14-00098 SOM/BMK.  Because Plaintiff submitted neither a civil filing fee nor an IFP application with this filing, a Deficiency Order was immediately issued notifying him that he must pay the filing fees or submit an IFP application to avoid dismissal.  *See id.*, Doc. No. 3.

On March 4, 2014, however, this court screened Plaintiff's removal documents under 28 U.S.C. § 1915(e)(1) and summarily remanded the case to the state court pursuant to 28 U.S.C. § 1447(c).  *Id.*, Order, Doc. No. 4 (finding that a plaintiff may not remove his own action from state to federal court).  Meanwhile, on March 12, 2014, seemingly in response to the Deficiency Order entered on February 27, 2014, and unaware that his action had been remanded, Plaintiff directed MCCC prison authorities to deduct $350 from his prison trust account and send that amount to this court.  *See* Civ. No. 14-00198 SOM, Doc. No. 4, Pl.'s Ex. A.  On March 17, 2014, the court received Plaintiff's check; it was not accompanied by an IFP application as Plaintiff alleges.  The Clerk first tied this $350 payment to Civ. No. 09-00547, because that case still had an open account.  Within days, however, when the Clerk discovered that no balance was owed in Civ. No. 09-00547, the $350 was credited to Civ. No. 14-00098 SOM, Plaintiff's most recent filing in which he owed money (not to be confused with the present case, which has a

similar case number). Because Plaintiff was not proceeding IFP in Civ. No. 14-00098 SOM, the fee for commencing the action is $400, and there remains a $50 balance owed. *See* 28 U.S.C. § 1914, District Court Miscellaneous Fee Schedule ¶14 (eff. Dec. 1, 2013) (explaining that all civil litigants, except those proceeding IFP or pursuing habeas relief, must pay a $50 administrative fee in addition to the civil filing fees).

On April 22, 2014, more than a month after he sent the $350, Plaintiff filed the Complaint in the present action without submitting the filing fee or an IFP application. Plaintiff notes on the last page of the Complaint that he sent an IFP application with $350 on March 12, 2014, suggesting that it was meant for this as-yet-unopened action, rather than as payment in Civ. No. 14-00098 SOM. *See* Compl., PageID #11.

### III. Discussion

Plaintiff argues that he paid the fee for this action because he directed prison authorities to send $350 to the court on March 12, 2014. Nonetheless, the $350 that he sent to the court *before* he filed or even signed the present Complaint was properly credited toward what he owed in Civ. No. 14-00098 SOM. Plaintiff chose to remove his case from state court and is responsible for any fees he incurred in doing so. Plaintiff may be confused because he did not pay filing fees in other removed actions and hoped to avoid § 1915's restrictions and requirements

5

for prisoners by removing this case rather than originally filing it in the federal court. However, his previous removed actions were properly removed from state court and paid for by the defendants. *See Grindling v. Nouchi*, Civ. No. 06-00438 DAE; *Grindling v. Loo*, Civ. No. 06-00460 JMS; *Grindling v. Silva*, Civ. No. 06-00461 DAE.

To date, Plaintiff has paid no filing fee for commencing this action, nor has the court received any IFP application from him in either case. In addition, Plaintiff also owes at least: (1) $335 for the appeal fee in Civ. No. 09-01685 PHX; (2) $40 for the filing fee in Civ. 09-02395 PHX and $455 for its appeal fee; (3) $178.66 for the filing fee in Civ. No. 10-02366 PHX; (4) $455 for the appeal fee in Civ. No. 11-01496 PHX; and (5) $50 for the administrative fee in Civ. No. 14-00098 SOM. He has also filed several cases in which he was technically required to pay a filing fee, but a fee was never assessed because the cases were summarily dismissed before any payment was received. *See, e.g.*, Civ. No. 09-00339 ACK (case dismissed, IFP denied on appeal, no fees paid); Civ. No. 09-02635 PHX (no fees paid, case dismissed).

Although the court declines to determine and seek payment for the total amount Plaintiff may owe in cases filed before 2014, he will be assessed filing fees in any cases he files in 2014 or after, in which a Deficiency Order or Order

denying IFP has been issued, and in which he has not moved for and been granted voluntary dismissal without payment of fees *before* the court takes any significant action on his pleadings, such as screening under 28 U.S.C. § 1915(e)(1) or ¶ 1915A(a).

Plaintiff provides no intervening change of law holding that litigants who remove an action from the state court are not required to pay filing fees, or that the court must accept and hold filing fees for an as-yet-unfiled action, particularly when the litigant has an outstanding balance owed in another action. He provides no competent evidence that he sent the $350 for the present action, which had not yet been opened or apparently even contemplated, as judged by the date the Complaint was signed. Plaintiff provides nothing suggesting the court erred in accepting the $350 as his response to the Deficiency Order in Civ. No. 14-00098 SOM and applying it to that case.

Finally, Plaintiff's prison trust account statement reveals that he had $4,615.21 in his account when he sent $350 to this court on March 12 and $2,320.85 on March 28, 2014. *See* Ex. A, Doc. No. 4-1. He was not entitled to IFP status in March and it is unlikely that he was eligible for it when he commenced this action or is eligible now. Plaintiff provides no persuasive reasons for reconsideration of the Deficiency Order and his Motion for Reconsideration is DENIED.

## IV. Conclusion

Plaintiff's Motion for Reconsideration of the April 24, 2014, Deficiency Order is DENIED.  Plaintiff is NOTIFIED that, to avoid the automatic dismissal of this action, he must pay the entire civil filing fee of $400 or submit an in forma pauperis application on or before May 24, 2014.  In the alternative, Plaintiff may move to voluntarily dismiss this action before his complaint is screened.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 9, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grindling v. ACO Shores*, 1:14-cv-00198 SOM/RLP; Order; recon/dmp2014/Grindling 14-198; J:\Denise's Draft Orders\SOM\Grindling, 14-198 som (dny inter. recon of dfcy. ord).wpd