IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING, #A0721079,<br><br>      Plaintiff,<br><br>  vs.<br><br>BERT SAM FONG, et al.,<br><br>      Defendants.<br>_____<br><br>CHRIS GRINDLING, #A0721079,<br><br>      Plaintiff,<br><br>  vs.<br><br>ACO SHORES, et al.,<br><br>      Defendants.<br>_____ | CIV. NO. 14-00098 SOM/BMK<br>CIV. NO. 14-00198 SOM/RLP |

**ORDER RE: CLARIFICATION**

Before the court are Plaintiff's Motions to Clarify, in the above-captioned cases. *See* Civ. No. 14-00098, Doc. No. 11; Civ. No. 14-00198, Doc. No. 9. These motions ostensibly seek clarification of the Deficiency Orders and the Orders Denying Reconsideration in both cases.[1] *See* Civ. No. 14-00098, Orders, Doc. Nos. 3 and 6; Civ. No. 14-00198, Orders, Doc. Nos. 3 and 8. Plaintiff's Motions consist primarily of further arguments to reconsider the Deficiency Orders, however, and also complain

---

[1] These Deficiency Orders notified Plaintiff that he must pay the filing fee or submit an in forma pauperis ("IFP") application within thirty days or risk dismissal of the action.

about the remand and dismissal of his action in *Grindling v. Fong*, Civ. No. 14-00098 SOM on March 4, 2014. *See* Order, Doc. No. 4. The court substantially addressed Plaintiff's arguments in its Orders Denying Reconsideration in both actions, although Plaintiff raises several new theories allegedly supporting reconsideration or "clarification."

To the extent Plaintiff seeks clarification of the records, the Orders Denying Reconsideration in these actions, or any other orders issued in these cases, his requests are addressed below. To the extent he seeks reconsideration of the Deficiency Orders or of the Orders Denying Reconsideration in these cases, or of any other decisions issued to date in either case, his Motions are DENIED.

## I. **LEGAL STANDARD**

Plaintiff's Motions appear to be brought under Rule 60(a) of the Federal Rules of Civil Procedure, which permits the court to grant relief from an order to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). He may also be seeking clarification or reconsideration under Rule 60(b), which permits the court to relieve a party from an order for mistake or any other reason that justifies relief. *Id.* at 60(b).

Rule 60(b) may be used when "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." It should be invoked "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Wash.*, 98 F.3d 1159, 1163 (9th Cir. 1996) (internal quotation marks and citations omitted). Whether to grant relief is within the sound discretion of the district court. *Am. Fin. Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 665 (9th Cir. 1997).

## II. BACKGROUND

Plaintiff is incarcerated at the Maui Community Correctional Center ("MCCC"). He has accrued three strikes pursuant to 28 U.S.C. § 1915(g), and may not proceed IFP without a plausible allegation of imminent danger of serious physical injury as of the date he files an action in the federal courts.[2] *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff has been notified of his strikes numerous times. *See Grindling v. Martone*, App. No. 12-15298 (9th Cir. 2012) (denying motion to proceed IFP "because appellant has had three or more prior actions or appeals dismissed as frivolous or for failure to state a claim and because appellant has not alleged any imminent

---

[2] *See also Grindling v. Thomas*, Civ. No. 09-2635 (D. Ariz. 2010) (dismissing as frivolous and malicious); *Grindling v. Hawaii*, Civ. No. 09-00536 (D. Haw. 2009) (dismissing as frivolous), *IFP denied on appeal, Grindling v. Hawaii*, App. No. 10-15010 (9th Cir. 2010) (finding appeal frivolous).

danger of serious injury in this appeal"); *Grindling v. Thomas*, Civ. No. 11-0611 (D. Ariz. 2011) (notifying Plaintiff of his strikes and denying IFP status).

Plaintiff has also been declared a vexatious litigant by the Hawaii State Judiciary. *See* Civ. No. 14-00098 SOM, Pl.'s Ex. A, Doc. No. 7-1, PageID #29 (Order of the Circuit Court of the Second Circuit ("circuit court") stating, "[Plaintiff] is a vexatious litigant in the State of Hawaii"). Nevertheless, Plaintiff commenced an action in the state circuit court on December 27, 2013, by filing a Motion for Prefiling Order. *See Grindling v. Fong*, CV. No. 13-1-1116(1) (Haw. 2d Cir. 2013), http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (last accessed May 28, 2014). On February 14, 2014, the circuit court struck Plaintiff's return of service and supplement to the complaint, Doc. No. 4, although Plaintiff's state action remains pending as he awaits determination on his Motion for Prefiling Order. Consequently, Defendants have not entered an appearance in this state circuit court action.

On February 18, 2014, one business day after the state circuit court issued its order striking his certificate of service, Plaintiff signed a Notice of Removal, to remove CV. No. 13-1-1116(1) to the federal court.[3] On February 27, 2014, the

---

[3] February 14, 2014, was a Friday, and February 17, 2014, was President's Day.

court received Plaintiff's Notice of Removal and opened a case. *See Grindling v. Fong*, Civ. No. 14-00098 SOM, Doc. No. 1. Because Plaintiff had not submitted payment or an IFP application with his Notice of Removal, a Deficiency Order was immediately issued, informing Plaintiff that he had to concurrently pay the civil filing fees or submit an IFP application upon commencing an action in federal court. *Id.*, Doc. No. 3.

On March 4, 2014, this court screened Plaintiff's removal documents in the *Fong* case, Civ. No. 14-00098 SOM, pursuant to 28 U.S.C. § 1915A(a). Finding that Plaintiff could not remove his own action from the state to the federal court, the court remanded the action to the circuit court. *See id.*, Order of Remand, Doc. No. 4; *see also* 28 U.S.C. § 1441(a).

In the interim, Plaintiff directed MCCC to withdraw money from his prison account and send it to the federal court. On or about March 12, 2014, MCCC withdrew $350.00 from Plaintiff's account and issued a check for the "US Court District of Hawaii," and mailed it to this court. *See* Civ. No. 14-00198 SOM, Pl.'s Ex. A, Doc. No. 4-1.[4] The court received this check on March 17, 2014. Because it contained no civil filing number, the court's financial office searched its records, discovered that a Deficiency Order had issued two weeks earlier in the *Fong*

---

[4] Plaintiff's exhibit also shows that he had $5,025.96 in his prison account on March 1, 2014, $4,615.21 when this check was issued, and #2,310.85 on March 31, 2014. *Id.*

5

case, Civ. No. 14-00098 SOM, and credited the $350.00 to that action. *See* Civ. No. 14-00098 SOM, Doc. No. 10. Plaintiff apparently owed no other fees to the District of Hawaii.

On April 22, 2014, six weeks after *Fong*, Civ. No. 14-00098 SOM, was remanded and more than a month after Plaintiff authorized MCCC to withdraw funds and send $350.00 to the court, Plaintiff filed the complaint in *Grindling v. Shores*, Civ. No. 14-00198 SOM, again without submitting the civil filing fee or an IFP application. On the last page of the Complaint, however, Plaintiff said that he had sent an IFP application with $350.00 on March 12, 2014, suggesting that the payment was meant for this then-unopened action, rather than as payment in the *Fong* case. *See* Civ. No. 14-00198 SOM, Compl., PageID #11. On April 24, 2014, a Deficiency Order issued in *Shores*. *See id.*, Doc. No. 3.

On April 30, 2014, Plaintiff moved for reconsideration of the Deficiency Order in the *Shores* case, arguing that he had paid the filing fees for this action when he authorized MCCC to send the $350.00 check to this court on or about March 12, 2014. *See* Mot., Doc. No. 4. The court denied Plaintiff's Motion, finding his explanation implausible in light of when MCCC sent the check and Plaintiff's failure at the time to have commenced the *Shores* case, or to have even completed and signed the complaint in *Shores* when he authorized the payment.

## III. DISCUSSION

Plaintiff first argues that he did not intend to remove the *Fong* case, originally filed in the state circuit court as CV. No. 13-1-1116(1), to this court. Rather, he claims he intended to initiate a "bifurcated" action in state and federal court, suggesting that the *Fong* case should not have been remanded and that he should not have been charged a filing fee for this bifurcated action. Plaintiff argues that this court failed to liberally construe his "Notice of Removal" as the initiation of a new action or as an attempt to maintain a bifurcated state and federal action. In asserting that a bifurcated action is appropriate because there are "no defendants" in his state circuit court case, CV. No. 13-1-1116(1), Plaintiff is apparently referring to the circuit court's order striking his return of service and consequent lack of defendants' appearances in that case. He also claims that he raised federal claims against Heather Kimura in his circuit court action, allegedly making bifurcation of this action appropriate.[5]

---

[5] Plaintiff says he raised "the issue of Heather Kimura retaliatory transfer from Halawa to Saguaro," in the circuit court, and "[t]his court previously assessed Plaintiff $350 and dismissed the case as lack of jurisdiction ruling the matter belonged in Arizona[,] now it belongs in Hawaii." *See* Mot., Doc. No. 9, PageID #46-47. Plaintiff named Kimura in *Grindling v. Martone*, Civ. No. 12-00361 LEK, claiming Kimura had transferred him to Arizona in or about 2009 in retaliation for his filing lawsuits. *See id.*, Compl., Doc. No. 1, PageID #18. Plaintiff voluntarily dismissed this action on September 28, 2012. It was never transferred to Arizona. *Id.*, Doc. No. 22. Another case,

7

Plaintiff's arguments make no sense.  Even if a case could be "bifurcated" to, in effect, allow a partial removal to federal court, the language of Plaintiff's Notice of Removal allows no other interpretation than that he intended to remove his entire state court action to this court to preempt outright dismissal of his claims in state court and to avoid payment for a civil action in this court.  Although this court must "continue to construe pro se filings liberally," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Courts should not undertake to infer in one cause of action when a complaint clearly states a claim under a different cause of action," and should review a complaint as it is pled. *Bogovich v. Sandoval*, 189 F.3d 999, 1001(9th Cir. 1999).  This court will not construe Plaintiff's documents in a manner that contradicts their plain meaning.

Plaintiff knew the state circuit court had stricken one document, and he apparently feared it would soon dismiss the entire action.  He therefore sought what he thought was the cheapest and most expeditious way to maintain his claims by moving them to the federal court.  Plaintiff has considerable

---

*Grindling v. Jinbo*, Civ. No. 11-00190 DAE, was transferred to Arizona on March 30, 2011, but did not name Kimura.  *See id.*, Doc. No. 4.

experience in the federal court, knows that he has accrued three strikes, knows that he is required to pay the entire filing fee for any action he initiates, and knows that he was not required to pay a filing fee for his earlier actions when defendants removed them to this court. *See, e.g.*, Civ. Nos. 06-00438 DAE; 06-00460 JMS; 06-00461 JMS. Although his maneuver was unsuccessful, his intent was clear.

Even if Plaintiff intended to initiate a new "bifurcated" matter that would proceed in federal court concurrently with his state action, he was still required to pay the filing fee or submit an IFP application with his Notice of Removal and complaint. And when the court received payment for commencing the action (without an IFP application), whether it is considered new, removed, or "bifurcated," it correctly credited it to his outstanding balance in *Fong*, Civ. No. 14-00098 SOM. When a defendant removes an action to the federal court, payment is required regardless of whether it is later remanded. Although he is *pro se*, he "is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

Plaintiff next suggests that he intended the $350.00 check to be credited to the *Shores* case, even though that action had not been filed when the check was received, rather than to the *Fong* case. He argues that he cannot be held responsible if

9

MCCC officials failed to correctly label his check of March 12, 2014. He overlooks the absence of a docket number for the *Shores* case at that time. That is, MCCC officials could not have labeled the check for Civ. No. 14-00198 SOM as it did not yet exist. He also claims that he had no notice that the court would assess a fee in the *Fong* case, and that there was no order directing him to pay the filing fee. He alleges this violated his right to due process.

Plaintiff's assertion that he authorized payment on March 12 of $350.00 for an action that he had not filed as of that date, rather than in response to the Deficiency Order in *Fong*, defies logic and is contradicted by the records in *Fong* and *Shores*. And if MCCC officials failed to alert the court that the check was intended for an unfiled action, that "failure" can only be attributed to Plaintiff. Moreover, his assertion that he is subject to delays from the MCCC library does not explain how MCCC could have issued his check prematurely.

Plaintiff also ignores the clear language of the Deficiency Orders issued in both of his federal actions, which each informed him that an action commenced in the federal court "may only proceed without prepayment of the filing fee if the party is granted leave to proceed in forma pauperis[,]" and unambiguously directed him to "either pay the statuory filing fee or submit a fully-completed and executed in forma pauperis

application within thirty days[.]" *See* Civ. No. 14-00098 SOM, February 27, 2014, Deficiency Order, Doc. No. 3; Civ. No. 14-00198 SOM, April 24, 2014, Deficiency Order, Doc. No. 3. Nor does he mention the many previous notifications he has received from the federal courts informing him that, as a prisoner, he is required to pay the full filing fee for any action he commences, regardless of IFP status. Plaintiff received notice that he owed a fee in *Fong* and in *Shores*, via the Deficiency Orders. The court is not required to separately order litigants to pay filing fees after they have already been notified that fees are due. There was no due process violation.

Plaintiff additionally asserts that this court's authority regarding filing fees is limited. He argues that a court may neither waive outstanding fees nor assess a fee if he voluntarily dismisses a case before his complaint is screened. *See* Mot., Civ. No. 14-00198 SOM, Doc. No. 9, PageID #46-47. Plaintiff is mistaken, and the cases he cites do not support his argument. In *Sloan v. Lesza*, 181 F.3d 857 (7th Cir. 1999), the court explicitly stated that a prisoner's filing fee remains due regardless of termination of the action. *Id.* at 859. In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the court held that a district court should dismiss a prisoner's case without prejudice if it denies IFP, and that the prisoner cannot simply pay the filing fee to continue his suit. *Id.* at 1236. *Fong* was

remanded; it was not dismissed with prejudice. That does not negate Plaintiff's obligation to pay the fee for attempting to open the case without payment.

The cases Plaintiff cites are not binding on this court, and they clearly do not prevent this court from applying Plaintiff's filing fee to *Fong*, particularly when it arrived without an IFP application. Nor do they support Plaintiff's contention that this court may not waive a filing fee if it believes a pro se litigant mistakenly commenced an action in this court.

Finally, Plaintiff states that he will pay the entire $400 filing fee in *Shores* and the outstanding $50 fee in *Fong* "if this court allows cases to proceed by screening both cases either bifurcate or complete removal from state court due to no service[.]" Civ. No. 14-00198 SOM, Mot., Doc. No. 9, PageId #47 (Conclusion). The court understands this to mean that Plaintiff is asking for reinstatement of *Fong* and agreeing to pay the full fees in both actions if the court allows them to proceed without screening.

First, the court cannot reinstate *Fong* because it was never properly before this court; a plaintiff may not remove a case from state court. *See* 28 U.S.C. § 1441(a); *see also Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d

12

1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction.").

Second, the court is required to screen all complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," regardless of payment of fees. 29 U.S.C. § 1915A(a). Even if this were not the case, in light of Plaintiff's three strikes, his vexatious litigant designation in the state courts, and the record in these two cases, the court is not inclined to forgo screening of Plaintiff's pleadings.

Plaintiff provides no facts supporting a need to correct a clerical mistake, oversight, or omission in the record or orders under Rule 60(a) of the Federal Rules of Civil Procedure in either of his cases. Nor does he present extraordinary circumstances justifying relief under Rule 60(b). The court has clarified the proceedings in his cases and declines to reconsider its decisions.

## IV. CONCLUSION

To clarify any confusion Plaintiff may still have, the court notifies him that he owes $50 in *Fong*, Civ. No. 14-00098 SOM, and that he must file an in forma pauperis application or the full $400.00 filing fee in *Shores*, Civ. No. 14-00198 SOM.

Because the time has passed for timely filing an in forma pauperis application in *Shores*, Civ. No. 14-00198 SOM,

Plaintiff is GRANTED ten days from the date of this order to submit an in forma pauperis application. If he does so and his in forma pauperis application is granted, Plaintiff will only owe $350.00. If his in forma pauperis application is denied, he will owe $400.00. In the alternative, Plaintiff may voluntarily dismiss *Shores*, Civ. No. 14-00198 SOM, in lieu of submitting the fee or an in forma pauperis application, and the court will then waive the fees based on his mistaken impression that he paid the fees when he sent his check to this court on March 12, 2014.

To the extent Plaintiff seeks reconsideration of any decisions to date in *Fong* or *Shores*, his Motions are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 29, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grindling v. Fong*, 1:14-cv-00098 SOM/BMK; *Grindling v. ACO Shores*, 1:14-cv-00198 SOM/RLP; Order; recon/dmp2014/Grindling 14-198 (ord clarify); J:\Denise's Draft Orders\SOM\Grindling, 14-98; 14-198 som (Ord Clarify). ord).wpd